IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SOUTHEAST X-RAY, INC.; and
REAL RADIOLOGY, LLC                                                                              PLAINTIFFS

v.                                       Case No. 2:13-CV-02026

MICHAEL SPEARS; KENNETH DEAN
VAUGHAN; and RAPID RADIOLOGY, INC.                                                   DEFENDANTS

**N O T I C E**

Currently before the Court are Plaintiffs' Motion for Preliminary Injunction (Doc. 5) and Motion for Leave to Serve Written Discovery, for Order to Require Expedited Responses, and for Protective Order (Doc. 7). Plaintiffs' counsel have also sent the Court a letter via e-mail, called the office, and come in person to chambers in order to ensure that the Court is aware of their pending motions and to request an expedited hearing date.[1]

Although Plaintiffs' counsel has represented to the Court through informal communications that Defendants are represented, no notice of appearance on behalf of any Defendant has been entered on the record. The letter sent via e-mail by Plaintiffs to the Court included an indication that it was copied to each Defendant, as well as to "Kristin Pawlik, Attorney for Michael Spears." The letter does not indicate that either of the other Defendants has secured legal representation in this matter, nor can the Court rely on a copy line in a letter from Plaintiffs as assurance that Michael Spears has secured representation. Furthermore, until notices of appearance have been entered on behalf of all Defendants, the Court has no mechanism for ensuring that appropriate notice of

---

[1] The Court receives notice of every electronic filing immediately upon the filing of any document. The Court is, therefore, aware of all filings.

-1-

orders—either setting a hearing or on motions—would be delivered to Defendants or their legal representatives.

The Court is aware that, in certain cases, ex parte relief may be warranted. Federal Rule of Civil Procedure 65(b) sets forth the circumstances under which the Court may issue a temporary restraining order without notice to an adverse party. However, Plaintiffs have not requested a temporary restraining order in this case, nor have Plaintiffs' counsel otherwise adhered to the requirements of Rule 65(b).

As for other potential ex parte relief, Plaintiffs have set forth neither authority nor supporting facts to show that any form of ex parte relief is both authorized and justified in this case.

The Court is aware that motions for preliminary injunctions must be addressed on an expedited basis, especially when there are allegations of irreparable harm. The Court will not, however, sidestep procedural safeguards solely on the word of Plaintiffs' counsel without being cited to some basis in law and fact for doing so. As soon as all Defendants have appeared in this matter, the Court will set the matter for a hearing.

If Plaintiffs wish to obtain ex parte relief before such time as all Defendants have appeared, they should file an appropriate motion with supporting facts and authority.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE