IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SOUTHEAST X-RAY, INC.     PLAINTIFFS
and REAL RADIOLOGY, LLC

vs.     Case No. 2:13-CV-02026

MICHAEL SPEARS;
KENNETH DEAN VAUGHAN and
RAPID RADIOLOGY, INC.     DEFENDANTS

**STIPULATION AND PROTECTIVE ORDER**

The parties to this action hereby stipulate to the following Stipulation and Protective Order regarding the production and use of documents containing information alleged to be confidential:

**Confidential Documents**

1. <u>Designation of Material as Confidential</u>. Any party to the above-captioned action or other person (including non-parties) that provides discovery materials (whether by producing documents, answering interrogatories, responding to requests for admissions, providing testimony at a deposition or through some other discovery device) (hereinafter, "Discovery Material(s)") may designate such Discovery Materials as "CONFIDENTIAL." Such a designation shall constitute a representation by the party or person and its counsel that they, in good faith, believe that the material so designated contains or constitutes (a) trade secrets as such is defined by the Arkansas Trade Secrets Act and jurisprudence surrounding same, unpublished financial data, unpublished financial or investment forecasts or strategies, nonpublic software source code, business marketing or product plans, appraisals, valuations or other information of a non-public nature considered by

the producing party or person to be commercially or personally sensitive and proprietary; (b) other competitively sensitive or proprietary research, development, marketing, financial or commercial information; or (c) other information which is properly the subject of a protective order. Material designated CONFIDENTIAL shall be accorded the protections set forth in this Stipulation and Protective Order.

2. <u>Designation of Deposition Testimony as Confidential</u>. Any party or person may designate the deposition testimony of any of its employees, officers or directors (past or present) or any portion thereof (including exhibits) as CONFIDENTIAL by advising the reporter and all parties of such fact on the record during the deposition or in writing at any time within ten (10) business days after actual receipt of the transcript.

3. <u>Designation of Documents and Other Discovery Material as Confidential</u>. Documents, portions of documents, answers to interrogatories, responses to requests for admission and other Discovery Materials may be designated as Confidential by stamping or otherwise marking the document, the portion of the document or the Discovery Material as CONFIDENTIAL prior to their production to an opposing party.

4. <u>Subsequent Designation of Discovery Materials as Confidential</u>. Any Discovery Material that is produced without being designated Confidential may be so designated, with respect to future disclosure, by the producing party or person by sending a letter making such designation to each party who has received such material. Disclosure of such material prior to its designation as Confidential shall not violate the terms of this Stipulation and Protective Order.

5. <u>Protection of Documents Designated as Confidential</u>. The parties agree that confidential documents shall not be disclosed, directly or indirectly, to anyone other than the parties, attorneys for the parties, and experts or consultants of the parties for purposes of this

action. Nothing in this Stipulation and Protective Order prevents any party from disclosing confidential documents to the court or jury impaneled at the trial of this case, subject to such protections as the court may order with respect to the treatment of confidential documents at trial. The Parties shall use confidential documents solely and exclusively for purposes of preparing for, conducting, preparing fact witnesses, and participating in this action and not for any other litigation and not for any other business purpose, personal purpose, or other purpose whatsoever. The parties agree that no copies of confidential documents produced by any party will be made except as necessary for the purposes of this or other legal action. Before any Confidential Information is disclosed to an Expert or consultant said person shall sign a confidentiality agreement in the form set forth in Exhibit A, below, and shall attach a signed copy of said confidentiality agreement to any expert report authored by said Expert.

6. <u>Filing of Documents</u>. Before any confidential documents are included in a court filing, the parties shall first attempt to reach an agreement to establish the agreement of the parties to utilize the document without redaction or agree to a fair redaction of confidential information before any court filing is made. However, if an agreement cannot be reached and it becomes necessary to include information obtained from confidential documents or to use such confidential documents in any court filing, the filing party shall file documents under seal and petition or notify the Court that confidential documents are relevant to the filing. In its discretion, the Court may direct a party to submit confidential documents directly to chambers or to file any document designated as confidential with the Court's CM/ECF system, with restriction to viewing by the Court and parties only, if possible.

7. <u>Reservation of Right to Object</u>. Each party reserves the right to object to or to seek an appropriate order limiting any use which any other party may seek to make of such

confidential documents either in discovery or at the trial of this action. Each party also reserves the right to seek an appropriate order removing documents, testimony, or other discovery from a confidential designation for good cause as determined by the Court. The parties stipulate that the production of Confidential documents as provided by this Stipulation and Protective Order shall not constitute a waiver of trade secrets protection or an admission as to any legal status at issue in this action. The parties stipulate that failure to object to a Confidential designation shall not constitute an admission as to any issue in this action and is not an admission that such information is subject to protection as a trade secret. This Stipulation and Protective Order is without prejudice to the parties' rights to object to discovery or seek a protective order for any reason provided by Fed. R. Civ. P. 26(c)(1).

8. <u>Receipt of Subpoena</u>. If any party in possession of material designated Confidential under this Stipulation and Protective Order receives a subpoena seeking production or other disclosure of such Confidential material, that party shall promptly give written notice to counsel for the party or person who designated the materials Confidential, and shall enclose a copy of the subpoena.

9. <u>Return of Documents</u>. Upon the conclusion of this action, all confidential documents, and all copies, extracts, summaries, and facsimiles thereof shall be returned to counsel for the receiving party, who shall then contact counsel for the producing party to request and follow instructions regarding the disposition of the confidential documents. Further upon the conclusion of this action, all electronically, optically, magnetically stored information of any kind including, without limitation, diskettes, compact disks, computer files, and similar storage media containing confidential documents shall be destroyed or deleted, uninstalled, or otherwise removed from each computer, diskette, compact disk, computer file, and any other storage media

by counsel for the receiving party. Counsel may retain a copy of the confidential information for a period of three years.

10. <u>Other Proceedings.</u>  Nothing contained in this Order shall prevent any Discovery Materials, Confidential Information, or Deposition Testimony covered by this Order from being used in any other forum in which any disputes between any of the Parties to this Action are submitted for resolution, provided that this Order shall otherwise remain in effect with respect to the disclosure, directly or indirectly of matters covered by this Order to anyone other than the parties, attorneys for the parties, and experts of the parties involved in any such action or used for any purpose unrelated to any such action.

IT IS SO ORDERED.

*/s/ P.K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

10-8-2013
DATE